EDITH WEIS, Suing on Her Own Behalf and on Behalf of All Other Stockholders of The Brooklyn Union Gas Company, Similarly Situated, Plaintiff, and FLORA HAAS, Intervener, Plaintiff, v. WILLIAM R. COE et al., Defendants.

SAMUEL EDELHEIT, Plaintiff, v. WILLIAM R. COE et al., Defendants.

ALBERT MARMORSTEIN, Plaintiff, v. WILLIAM R. COE et al., Defendants.

Supreme Court, Special Term, New York County, April 2, 1943.

*Abraham L. Pomerantz, J. Levy* and *Milton Paulson* for Edith Weis, plaintiff.

*Samuel Marion* for Flora Haas, intervener, plaintiff.

*Milton Pollack* for Samuel Edelheit, plaintiff.

*Bondy & Schloss* for Albert Marmorstein, plaintiff.

*F. S. Bensel* and *H. Egginton* for William R. Coe and Others, defendants.

*Frank W. Chambers* and *W. E. Warner* for Koppers Company, defendant.

*C. E. Tobias* for William J. Wason, Jr., defendant.

*Jules Haberman* for The Brooklyn Union Gas Company, defendant.

VALENTE, J. These are consolidated derivative stockholders' actions brought on behalf of The Brooklyn Union Gas Company against its directors and officers and Koppers Company, its largest single stockholder. Three separate complaints were served in these actions and all are now before the court by consolidation. The issues remaining for decision are as follows: Plaintiffs claim (1) that The Brooklyn Union Gas Company was dominated and controlled by Koppers Company, which is alleged to have usurped the functions of the directors, and that a conspiracy or scheme to benefit Koppers Company was entered upon to the damage of The Brooklyn Union Gas Company; (2) that Koppers Company acquired and held, in part directly and in part indirectly through subsidiaries, more than ten per cent of the voting stock of The Brooklyn Union Gas Company without authorization of the Public Service Commission and in violation of section 70 of the Public Service Law; the stockholdings are sought to be held void and recovery is asked of the dividends paid to Koppers Company on the alleged illegal

stockholdings; (3) that Koppers Company or its wholly owned subsidiaries rendered management, construction and engineering services to The Brooklyn Union Gas Company while Koppers Company was a statutory affiliate of The Brooklyn Union Gas Company and obtained payment therefor in amounts exceeding the reasonable cost of performing such services, in violation of section 110 of the Public Service Law, and recovery of the profit to Koppers Company is sought.

I have reached the following conclusions on the issues thus presented for determination.

(1) There is no showing of conspiracy between Koppers Company and the officers and directors of The Brooklyn Union Gas Company to influence the actions of the latter company or of domination or control of that company and its fiduciaries by Koppers Company. The transactions between the companies seem fair and honest and completely negative any such conspiracy or control. The decisions of the directors on company policy have obviously been made in the reasonable exercise of business judgment and have in fact resulted in benefit to The Brooklyn Union Gas Company. The plaintiffs' complaints on this premise will be dismissed on the merits. (*Blaustein* v. *Pan American Petroleum and Transport Co.*, 263 App. Div. 97; *Chelrob, Inc.* v. *Barrett,* 265 App. Div. 455, revg. 177 Misc. 521.)

(2) The claim that the stockholdings are void and that recovery be had of dividends received because of alleged violations of section 70 of the Public Service Law is not sustained and is likewise dismissed on the merits. Unlike similar sections of the Public Service Law dealing with public utilities other than gas utilities, and in contrast with another provision of the same section, indirect stockholdings of the character here involved were not expressly prohibited. The Legislature has drawn the line at direct holdings. (Compare *Everett* v. *Phillips*, 288 N. Y. 227, 236.) In no event would The Brooklyn Union Gas Company be entitled to the dividends. (*Milbank* v. *N. Y., Lake Erie & W. R. R. Co.*, 64 How. Pr. 20.)

(3) The claim for the recovery of the profits on the specified services under section 110 of Public Service Law has been sustained by the proofs. Under the definition contained in the statute, Koppers Company is an affiliate of The Brooklyn Union Gas Company and as such it may not profit from any management, construction or engineering service rendered to The Brooklyn Union Gas Company. This is likewise true of such service rendered by Bartlett-Hayward Company, a sub-

sidiary of Koppers Company. So far as the directors are concerned, they caused all contracts of this nature to be filed with the Public Service Commission and no negligence on their part has been shown; consequently, any claim against them based on the statute must be dismissed. The record establishes that since September 26, 1934, the damages which The Brooklyn Union Gas Company is entitled to recover from Koppers Company amount to $346,358.35, and judgment will be directed in favor of The Brooklyn Union Gas Company for said sum, with interest, against Koppers Company.

Submit on notice findings of fact, conclusions of law and judgment in accordance herewith.