In the Matter of LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, et al., Petitioners, v PUBLIC SERVICE COMMISSION, Respondent. ORANGE AND ROCKLAND UTILITIES, INC., et al., Intervenors-Respondents.

Third Department, December 30, 1975

*Louis J. Lefkowitz, Attorney-General (Cyril H. Moore, Jr., and Ruth Kessler Toch* of counsel), petitioner *pro se.*

*Howard L. Blau* for W. R. Marran's Sons, Inc. and others, petitioners.

*Surrey, Karasik, Morse & Seham (Martin C. Seham* and *Barbara Cavanagh* of counsel), for New York State Urban Development Corp., petitioner.

*Peter H. Schiff (John C. Crary* of counsel), for Public Service Commission, respondent.

*Le Boeuf, Lamb, Leiby & MacRae (Andrew Gansberg* of counsel), for Orange and Rockland Utilities, Inc., intervenor-respondent.

*Richard Babinecz* for Consolidated Edison Company of New York, Inc., intervenor-respondent.

KOREMAN, J. During the 1973–1974 heating season, the Public Service Commission (PSC) received numerous complaints from residential electric space heating (residential ESH) customers concerning increases in their electric bills attributable mainly to high fuel adjustment charges. The fuel adjustment charge is a means of enabling a utility to recover increases in out-of-pocket fuel expenses with a minimum of lag. Those charges for the four down-State utilities remained relatively stable until the latter part of 1973 when they increased rapidly because of drastic oil price rises.

By order issued March 26, 1974 the PSC instituted a proceeding to determine the impact of increased fuel adjustment charges on ESH customers of the four down-State electric companies, i.e., Consolidated Edison Company of New York, Inc., Central Hudson Gas and Electric Corporation, Long Island Lighting Company, and Orange and Rockland Utilities, Inc., and to establish a means of alleviating the impact of the increase in fuel adjustment charges, if such relief was found to be justified. Because fuel is a sizeable portion of the unit

expense of producing a kilowatt hour, the fuel adjustment clause allocates increased fuel costs by a standardized charge applicable to all customers on a per kilowatt hour of consumption basis.

Following hearings and recommendations made by a hearing examiner, a majority of the PSC concluded that relief should be granted to residential ESH customers and stated: "Such relief will be provided only on a temporary basis to mitigate the severity of the unduly abrupt increases in electric heating costs experienced by these residential ESH customers. We cannot provide more enduring relief in this proceeding because, absent evidence (which we will be examining in other proceedings) of its justification on a cost basis, such relief in the longer run could be only at the relatively substantial expense of other electric customers. Accordingly, the relief will be in effect only for the 12-month period running from the date of this decision. We will require the utility companies to limit eligibility for relief to those residential customers who already are taking ESH service as of the date of this decision."

It is noted that the relief granted was by a reduction in the base rate per kilowatt hour, and not by way of the fuel adjustment charge. The loss in revenue to the utilities as a result of this reduction was made up by increasing the base rate per kilowatt hour for all other customers. We note further that the PSC determined that similar relief for master-metered ESH customers was not warranted, and that the reduction of charges is expressly limited to only those residential users of ESH service as of the date of the decision under review.

The determination of the PSC is challenged in this proceeding as arbitrary, capricious, and contrary to law, both in granting relief to residential ESH customers, and in excluding master-metered residential ESH customers from such relief.

The scope of our review in these matters is very limited (Public Service Law, § 128), and there is no occasion for judicial intervention unless the determination made by the PSC is found not to be supported by substantial evidence in the record, or by information properly considered in the opinion or is found to be arbitrary, capricious, or an abuse of discretion (Matter of County of Orange v Public Serv. Comm. of State of N. Y., 37 NY2d 762). By the express provisions of subdivision 2 of section 65 of the Public Service Law, a utility

may not, by special rate, rebate, drawback, or other method, generally charge any person a greater or lesser amount than it charges another customer for a like service under the same or substantially similar circumstances. Furthermore, a utility may not grant any undue or unreasonable preference or advantage to any person, or to any particular kind of service in any respect whatsoever, nor may any person or particular type of service be subjected to any undue or unreasonable prejudice or disadvantage in any respect whatsoever (Public Service Law, § 65, subd 3). A utility is permitted by subdivision 5 of section 65 of the Public Service Law to establish classifications of service pursuant to subdivision 14 of section 66, based upon the quantity used, the time when used, the purpose for which used, the duration of use, or upon any other reasonable consideration, and to provide schedules of reasonable graduated rates applicable thereto.

The crux of the issue is thus whether residential ESH customers using such service as of the date of the PSC decision herein constitute a classification based upon a reasonable consideration. Concededly, there is no cost basis justification for the reduction in rates granted to ESH customers. The PSC states in its decision: "Our finding with respect to the reasonableness of producing such relief is based on the *change* that existing electric space heating customers have experienced in their bills, in a very short period of time." The PSC stated further that it could not provide more enduring relief because there was no evidence before it of its justification on a cost basis, and such relief in the longer run could be only at the relatively substantial expense of other electric customers.

It is clear that the relief ordered constituted an undue preference and advantage in violation of subdivisions 2 and 3 of section 65 of the Public Service Law, and a finding that residential ESH customers were entitled to relief under the PSC order did not constitute a classification based upon a reasonable consideration under subdivision 5 of the statute. We observe that every homeowner in the State has suffered the impact of higher petroleum prices, and that the cost of home heating oil has reached new heights for the same reason that has caused fuel oil prices to reach new levels.

The determination of the PSC being contrary to law, in violation of subdivisions 2 and 3 of section 65 of the Public Service Law, judicial intervention is warranted (Public Service Law, § 128), and it should be annulled.

In view of this conclusion we need not reach the contention of petitioner Urban Development Corporation, that it was unjustly excluded from the relief granted other residential ESH customers.

The determination should be annulled, and the petition granted, without costs.

HERLIHY, P. J., SWEENEY, KANE and LARKIN, JJ., concur.

Determination annulled, and petition granted, without costs.