OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioners seek judgment: 1. Annulling the determination of the respondent Public Service Commission of the State of New York (hereinafter referred to as PSC) of May 24, 1978, approving the ownership by respondent Pintard Telephone Exchange (hereinafter referred to as Pintard) of petitioner’s stock, and 2. Ordering the complete divestiture by Pintard of said stock to persons not affiliated with Pintard, Messages by Radio (hereinafter referred to as MBR) and Kenneth Iscol (hereinafter referred to as Iscol), and 3. Preliminarily and permanently *662 enjoining Pintard from exercising any ownership or voting rights associated with said stock.
On August 3, 1973, the PSC issued Opinion No. 73-23 in Case No. 26409 by which it asserted jurisdiction over all New York State radio-telephone utilities, hereinafter referred to as (RTU’s) whether interconnected or noninterconnected with landline telephone utilities. By virtue of that order which was not served on all affected RTU’s until August 7, 1973, these companies became telephone companies subject to the provisions of the Public Service Law.
In May of 1977, petitioner, Westchester Mobilfone System, Inc. (hereinafter referred to as Westchester), filed a petition with the PSC for extraordinary relief and enforcement of sections 100 and 102 of the Public Service Law against Pintard, a nonjurisdictional telephone answering service, MBR, a RTU subject to the commission’s jurisdiction, and Iscol, who, with his parents own the stock of each.
The petition alleged that Pintard purchased 25% of Westchester’s stock without PSC’s approval in violation of section 100 of the Public Service Law. Further, petitioner asserted that because of Pintard’s close affiliation with MBR through their common ownership by Iscol and his parents, Pintard has purposely attempted to impair Westchester’s ability to carry on its business, petitioner further alleged to the PSC that actions maliciously taken by Pintard had resulted in delays in FCC licensing proceedings, loss of profits, civil litigation and wasted time, expense and energy.
On August 30, 1977, the PSC issued a show cause order to Pintard, MBR and Iscol directing them to show cause why the relief requested by Westchester should not be granted. They responded with a lengthy letter with voluminous attachments and several sets of pleadings.
The PSC considered all the responses to its show cause order and finally determined in a decision of May 24, 1978, that Pintard could acquire 10% of the Westchester stock without PSC approval pursuant to section 100 of the Public Service Law and that the alleged harassment complained of has no relationship to the excess over that maximum acquired, stemming instead from MBR’s competitive relationship with Westchester. The PSC found that the operational date of its assertion of jurisdiction was August 7, 1973, and that since the stock transfer agreement had been entered into prior to that date necessarily having been preceded by negoti *663 ations and investigation, and since it found the transfer not contrary to the public interest, the acquisition and holding should be approved.
The petitioner contends that the PSC decision approving such ownership is arbitrary, capricious, unreasonable and contrary to law in that Pintard’s ownership of Westchester stock is unlawful in view of section 100 of the Public Service Law and continued ownership of Pintard of the said stock constitutes a restraint of trade and violates the antitrust laws and is inconsistent with the public interest.
This court cannot agree with the contentions of the petitioners. Section 100 of the Public Service Law provides insofar as pertinent as follows: "No telegraph corporation or telephone corporation, domestic or foreign, shall hereafter purchase or acquire, take or hold any part of the capital stock of any telegraph corporation or telephone corporation organized or existing under the laws of this state unless authorized to do so by the commission * * * no stock corporation, domestic or foreign, other than a telegraph corporation or telephone corporation, shall, without the consent of the commission, purchase or acquire, take or hold more than ten per centum of the voting capital stock issued by any telegraph corporation or telephone corporation organized or existing under or by virtue of the laws of this state * * * No consent shall be given by the commission to the acquisition of any stock in accordance with this section unless it shall have been shown that such acquisition is in the public interest.”
Thus, section 100 of the Public Service Law permits a nontelephone corporation to purchase not more than 10% of the stock of a New York State telephone utility (Westchester) without PSC approval. Pintard, is a telephone answering service not subject to the jurisdiction of the PSC, hence, not a telephone corporation, and could purchase up to 10% of Westchester’s stock without PSC approval as could Iscol. In deciding that Pintard could lawfully hold 10% of the stock, the PSC applied its governing statute correctly (Public Service Law, § 100; Weis v Coe, 180 Misc 321). Thus Pintard could hold 10% of the stock it acquired without commission approval; and the PSC’s deliberations were therefore restricted to approval of the acquisition and holding of the excess 15% over that, and section 100 authorized the PSC to permit such acquisition if in its opinion it is consistent with the public interest.
*664 This court concludes that the PSC’s standard for judging the public interest in the present case was entirely proper and it’s determination that the acquisition was in the public interest was reasonable and amply supported by the record. It should not, therefore, be judicially disturbed. Our review ends when a rational basis is found for an agency’s determination. (Matter of Sullivan County Harness Racing Assn. v Glasser, 30 NY2d 269, 277; Matter of Digital Paging Systems v Public Serv. Comm, of State of N. Y., 46 AD2d 92.) Further, the PSC has declined in its discretion to interfere in any antitrust aspects of the dispute. Therefore, petition is in all respects denied.