■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered June 22, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to annul orders of the Public Service Commission dated October 21, 1977 and January 10, 1978. This proceeding had its genesis in complaints from the New York State Builders' Association and several of its members regarding Niagara Mohawk's practice of requiring blanket easements outside the public right of way in which to place its underground electric facilities. By a letter dated October 21, 1977, the commission notified Niagara Mohawk Power Corporation that it had concluded that petitioner's policies were too inflexible and directed the utility to use the public right of way, particularly in the case of developments of family homes, except where special circumstances prevailed. The request for a rehearing, reconsideration, or modification of the commission's directive on the ground that it contravened existing regulations was denied by order issued on January 10, 1978. In dismissing the petition, Special Term held that respondent's order constituted an interpretation of existing regulations which the commission is empowered to make by statute (citing Public Service Law, § 5, subd 2; § 66) and not in conflict with them. The determinations of the commission were found to be reasonable and rational. Petitioner contends that the respondent's orders restricting installation of electric lines in new residential subdivisions to the public right of way, absent special circumstances, are beyond its statutory authority and jurisdiction. We disagree. The Public Service Commission is authorized generally to prescribe the terms and conditions under which utilities shall extend their lines *(Matter of Sleepy Hollow Lake v Public Serv. Comm. of State of N. Y.,* 43 AD2d 439, mot for lv to app den 34 NY2d 519; see, also, Public Service Law, § 65, subd 1; § 66, subd 2; § 5, subd 2). Respondent considered numerous factors and found that petitioner's policy created increased difficulties and unnecessary expense for developers. The commission concluded that the use of the public right of way was preferable to use of private easements. Such findings prompted the present orders. These obviously relate to the duties and responsibilities delegated to the commission by statutory law. The commission acted within its grant of power to protect the public interest by minimizing costs associated with the installation of new utility facilities. Petitioner contends that the orders constitute a new rule and regulation because they contravene 16 NYCRR 99.1, 100.3 and that the commission was consequently required to promulgate them in conformity with the law before they became effective. We reject this argument. Parts 99 and 100 of title 16 refer to undergrounding on both private and public land. The present orders attempt to interpret the

meaning of limiting language in the regulations concerning use of private land for placement of power lines. The regulations provide that utilities are entitled to all "reasonable and necessary" rights of way and easements required for the extension of their facilities. The present orders, in directing use of the public right of way, do not preclude the use of private easements if they are necessary and reasonable. The orders are flexible and conducive to a case-by-case analysis. We conclude that the orders fall into the category of interpretive rulings. The order of the commission is unquestionably one of general applicability, but it does not legislate a new rule but rather implements rules which have already been legislated (cf. *People v O'Malley,* 11 NY2d 943). Petitioner additionally alleges that the orders of the commission contravene its regulations in that they deprive petitioner of property rights accorded to it by existing regulation. The directives, in foreclosing the obtaining of unnecessary easements, do not restrict petitioner's rights in instances where a private easement is advisable or necessary. It is not the intent of the regulations to give petitioner unrestricted rights to private easements. They are couched in self-limiting language. Petitioner next urges that the orders of the commission were enacted in violation of due process and procedural requirements imposed by law in that petitioner was not provided with a fair and reasonable opportunity to present its case as required by 16 NYCRR 11.2. We find this argument unpersuasive. The petitioner was given ample opportunity to present its case to the commission and a hearing was not required preliminarily to the issuance of the orders (cf. *Matter of Campo Corp. v Feinberg,* 279 App Div 302, 308). It is contended that the orders of the respondent are arbitrary and capricious. The decision of the commission was based on a survey of all major New York electric utilities as to preferences in undergrounding vis-à-vis public and private easements. The information gathered supports the commission's conclusion that locating lines in the public right of way is cheaper, easier and safer. We conclude that the construction given the regulations is rational and reasonable and should, therefore, not be disturbed. The judicial function is exhausted when there is found to be a rational basis for the conclusions reached by the administrative body *(Ostrer v Schenck,* 41 NY2d 782; *Matter of Howard v Wyman,* 28 NY2d 434). We find the other arguments of petitioner without merit. Judgment affirmed, with costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.