◼ In the Matter of WESTCHESTER MOBILFONE SYSTEM, INC., et al., Appellants, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered February 2, 1979 in Albany County, which denied petitioner's application in a proceeding under CPLR article 78, to annul an order issued by the Public Service Commission. Petitioner Westchester Mobilfone System, Inc. (Westchester), is a radio common carrier providing a two-way mobil and a "beeping" service and is now licensed and regulated by respondent Public Service Commission (commission). Its principal competitor is Messages by Radio, Inc. (MBR), also presently regulated by respondent commission. The stock of MBR is owned by Kenneth Iscol and his parents. They also own the stock of Pintard Telephone Exchange, Inc. (Pintard), which is not regulated by the commission and Iscol is president of both companies. On August 3, 1973, the commission issued an opinion asserting jurisdiction over all radio telephone utilities, including Westchester and MBR. The order was served on August 7, 1973. On August 6, 1973, Pintard executed a contract to purchase approximately 25% of Westchester's stock. The transaction was completed on August 16, 1973 without commission approval. Since 1974, appellant Medlar has owned 75% of Westchester's stock and Pintard owns the remaining 25%. During this period Westchester, Medlar, Pintard, MBR and Iscol have been engaged in various legal battles before civil courts, the commission and the Federal Communications Commission (FCC), including a challenge to Westchester's radio license before the FCC and a civil action against respondents alleging conspiracy to destroy the good will of Westchester. Appellants filed a petition with the commission challenging Pintard's purchase of 25% of Westchester's stock without the commission's approval, alleging that such purchase was in violation of section 100 of the Public Service Law. The commission denied the petition, finding that, pursuant to section 100 of the Public Service Law, Pintard could lawfully hold 10% of Westchester's stock without commission approval and that no change of control of Westchester would result from Pintard's holding an additional 15% of Westchester's stock since Medlar owned the majority of Westchester stock. The commission also determined that although it acquired jurisdiction over the radio telephone utilities in question on August 7, 1973, Pintard should be given "grandfather" rights in regard to the stock transfer transaction. Accordingly, it was concluded that the commission's assertion of jurisdiction did not prohibit Pintard's acquisition and holding of 25% of Westchester's stock. The instant article 78 proceeding was commenced seeking a judgment declaring the commission's determination to be null and void. Special Term denied petitioner's application and this appeal ensued. The majority of petitioners' contentions are grounded upon the applicability of section 100 of the Public Service Law. The commission determined, however, in view of the fact that the stock

transfer agreement was entered into prior to the commission's assertion of jurisdiction, and necessarily would have been preceded by negotiations and investigation, that Pintard should be given "grandfather" rights. Considering the record in its entirety, we are of the opinion that this determination is rational and reasonable and should not, therefore, be disturbed *(Matter of Niagara Mohawk Power Corp. v Public Serv. Comm. of State of N. Y.,* 67 AD2d 802; *Matter of Digital Paging Systems v Public Serv. Comm. of State of N. Y.,* 46 AD2d 92). Consequently, the standards and restrictions set forth in section 100 of the Public Service Law are irrelevant and we need not consider them. We also reject petitioners' argument that the purchase by Pintard of 25% of Westchester's stock violated the antitrust laws. The commission is not designed to be an enforcer of the antitrust laws *(Matter of Tele/Resources v Public Serv. Comm. of State of N. Y.,* 58 AD2d 406). It is to be noted that no change in the control of Westchester resulted from Pintard's stock acquisition in view of Medlar's ownership of a majority of the stock. In our opinion the determination of the commission is supported by substantial evidence and is not arbitrary, capricious or illegal and, thus, we may not substitute our judgment for that of the commission *(Matter of Lefkowitz v Public Serv. Comm.,* 50 AD2d 338, 340, affd 40 NY2d 1047). We have considered all other arguments advanced by appellants for reversal and find them unpersuasive. The judgment should be affirmed. Judgment affirmed, with one bill of costs to respondents filing briefs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur. [97 Misc 2d 661.]