OPINION OF THE COURT
Michael Pietruszka, J.
This matter comes before the court on an appeal by defendant-appellant National Fuel Gas Distribution Corporation (cited in *517 the informations as National Fuel Corp.) of two determinations of the City Court of Buffalo, Housing Part, Honorable Henry J. Nowak presiding. The first, a decision dated October 24, 2003, denied defendant-appellant’s motion to dismiss three informations against it. The informations allege that National Fuel installed three exterior gas meters at residences in a historic preservation district without an appropriate certificate from the Buffalo Preservation Board, in violation of City of Buffalo Code § 337-16 (A) and (C). The motion was denied, and the decision contained a directive that National Fuel “must comply with the Preservation Code and is required to seek approval by the Buffalo Preservation Board when altering the exterior of structures in historic preservation districts.” National Fuel asserts that this is essentially a de facto injunction preventing it from performing even emergency repair and replacement of meters within the historic preservation district. The second determination appealed from, an order dated July 9, 2004, denied defendant-appellant’s motion for leave to renew/reargue the decision of October 24, 2003.
The lower court, while acknowledging that local laws are preempted when they directly impact on a regulatory scheme set by state authorities (citing Consolidated Edison Co. of N.Y. v City of New Rochelle, 140 AD2d 125 [2d Dept 1988]), found that no preemption was applicable since the enforcement of the local law had an impact which was merely “incidental” on the preempted field.
The threshold issue for this court to consider is whether as a matter of law National Fuel was entitled to have its motion to dismiss the three informations granted. This court has carefully considered the record on appeal as well as applicable case law and oral argument, and finds that the lower court erred in finding that the enforcement of the preservation laws only incidentally infringes on a preempted field. The record substantiates a finding that the local law substantially infringes on the field covered by a regulatory scheme, specifically, the tariff to determine the location of its meters granted to National Fuel by the New York State Public Service Commission. To find otherwise would be to subvert one of the principal purposes for which the Public Service Commission was created, that is, to provide a uniform and consistent regulatory environment which is essential to minimize costs, maximize efficiencies and maintain a safe and effective means of delivering natural gas to the residents of New York.
*518 This court finds that the evidence in the record supports a determination that in the instant matters the enforcement of City of Buffalo Code § 337-16 (A) and (C) is inconsistent with the tariff granted to National Fuel by the New York State Public Service Commission, and, therefore, reverses the lower court’s decision of October 24, 2003, denying National Fuel’s motion to dismiss the three informations. The motion to dismiss is granted, and accordingly the directive injunction put in place in that decision is hereby vacated. Pursuant to the reversal of the lower court’s October 24, 2003 decision, it is not necessary for this court to reach the merits of the appeal on the motion to renew/reargue.