The Honorable Jim Hudson Prosecuting Attorney Eighth Judicial District Miller County Courthouse Texarkana, Arkansas 75502
Dear Mr. Hudson:
This is in response to your request for an opinion on the constitutionality of two Miller County ordinances. You reference Attorney General Opinion No. 89-024, which opines that a proposed Arkansas bill regulating the transportation and disposal of solid waste is constitutionally suspect, and inquire as to whether the two Miller County ordinances are subject to the same constitutional defect.
Miller County Ordinance No. 89-21 provides in pertinent part as follows:
 Article Seven. No hazardous or radioactive waste, as defined by the United States Environmental Protection Agency, shall be placed in any landfill located in Miller County, Arkansas. No solid waste will be accepted from any area other than the following: Miller County, Arkansas; Hempstead County, Arkansas; Bowie County, Texas; and Cass County, Texas after January 12, 1990.
Solid waste from outside the previously mentioned four counties must be decreased by 25% from current levels by July 12, 1989, 50% from current levels by September 12, 1989, 75% from current levels by November 12, 1989 and 100% from current levels by January 12, 1990.
This is the only provision of the ordinance dealing with foreign waste. Other provisions of the ordinance generally require landfills within the county to implement highway clean-up procedures, and provide for notice to the county and a public hearing on the issue of construction, alteration, or modification of a solid waste facility. Ordinance 89-21 also provides in Article Six for a fee to be collected from every vehicle carrying material to a Miller County landfill for disposal. The fee is set at forty cents per cubic yard of waste. This provision applies to all waste disposed at the landfills, regardless of origin.
Miller County Ordinance No. 89-27 provides in pertinent part as follows:
 Section 3. Whereas, it is in the best interest of all residents of Miller County, Arkansas, and with authority of Arkansas Code 8-6-212, and within the scope and spirit of Article 7 of Ordinance No. 89-21, a fee of $100.00 per hauling vehicle shall be assessed on every vehicle bringing any type of waste materials, either from outside of Miller County or Hempstead County, Arkansas, or Bowie County or Cass County, Texas, or that has been transported into these said counties and then transported to any Miller County landfill.
The remaining provisions of this ordinance regulate the operation hours of landfills in the county and regulate the activities of commercial vehicles hauling waste into the county.
Opinion No. 89-024 discusses a great deal of federal and state case law on the question of whether states, counties and cities can enact legislation to prohibit the importation of foreign solid waste into their respective jurisdictions. That case law will thus not be discussed at length in this opinion.
While there is some authority for the proposition that ordinances containing provisions such as those enacted by Miller County can escape violation of the Interstate Commerce Clause, (See, e.g., EVERGREEN WASTE SYSTEMS v. METRO SERVICE DISTRICT, 820 F.2d 1482
(9th Cir. 1987), it is my opinion that the cited provisions of the ordinances adopted by Miller County are constitutionally suspect because both regulate purely on the basis of origin. The prohibition on the importation of solid waste contained in Ordinance 89-21, (although phased in over time), discriminates against the importation of all solid waste which does not originate in the four mentioned counties. The fact that two of the counties mentioned are in another state does not, in my opinion, save the ordinance from a Commerce Clause violation. (The legislation which was the subject of Opinion No. 89-024 also permitted the importation of some out-of-state waste.) The ordinance still discriminates against most interstate commerce, and it is my opinion that the burden on interstate commerce is not "incidental" as required by United States Supreme Court precedent. See PIKE v. BRUCE CHURCH, INC. 397 U.S. 137 (1970).
Similarly, Ordinance No. 89-27 imposes a substantial fee on every hauling of solid waste from out of the four county area. It is my assumption that this fee is collectible only until January 12, 1990, at which time no further foreign waste can be accepted at county landfills. Although A.C.A. 8-6-212 (b) authorizes the imposition of fees and charges appropriate to operate a solid waste management system, it does not authorize the imposition of discriminatory fees which would violate the Interstate Commerce Clause. In my opinion, this fee is patently discriminatory against most interstate commerce, and regulates entirely on the basis of the origin of the solid waste. The county has demonstrated no reason for charging local waste haulers forty cents per cubic yard of waste, and charging haulers out of the four county area one hundred dollars in addition to the forty cents. These facts will weigh against the ordinance's constitutionality.
As stated previously, some ordinances banning the importation of solid waste into a particular area have been upheld in the courts. The decisions I have found to this effect, however, each involve only one landfill, or involve only the regulation of publicly owned landfills. See EVERGREEN WASTE SYSTEMS v. METRO SERVICE DISTRICT, SUPRA, MONROE-LIVINGSTON SANITARY LANDFILL, INC. v. TOWN OF CALDEONIA, 435 N.Y.S.2d 966, 417 N.E.2d 78 (1980), and GLOUCHESTER COUNTY BOARD OF CHOSEN FREEHOLDERS v. CITY OF PHILADELPHIA, 100 N.J. 134, 495 A.2d 49, cert. denied 474 U.S. 1008
(1985), EVERGREEN WASTE v. METROPOLITAN SERVICE DIST.,643 F. Supp. 127 (D.OR. 1986), and SHAYNE BROS, INC. v. DISTRICT OF COLUMBIA, 502 F. Supp. 1192 (D.D.C. 1984). It appeals that the Miller County ordinances cover all landfills in the county, whether public or private. These facts, along with the fact that the ordinances regulate purely on the basis of origin, compel me to conclude that the provisions of the ordinances you have cited are constitutionally suspect.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.