OPINION OF THE COURT
Wachtler, J.
The plaintiff owns and operates a 190-acre State licensed sanitary landfill in the Town of Caledonia, Livingston County. While the plaintiff was negotiating a contract with Monroe County to handle all of that county’s refuse, the Town of Caledonia enacted its Sanitary Landfill Ordinance of July 17,1976. Subdivision C of section 7 of that ordinance provides: “Refuse generated outside of the Town of Caledonia, New York, will not be accepted at facilities licensed by the Town of Caledonia unless authorized by the Town Board *683 and consistent with the regional comprehensive plan as it relates to solid waste management.”
The plaintiff brought this declaratory judgment action seeking a determination that the ordinance, and particularly subdivision C of section 7, is unconstitutional. During a lengthy trial both sides presented extensive testimony as to whether or not the town and private water supplies would be contaminated if an increased volume of refuse were permitted at the landfill.
The trial court found that the zoning board’s determination of the potential safety hazard was supported by the record and that the plaintiff had failed to rebut the presumption that the ordinance was a constitutional and legitimate exercise of the town’s police power to protect the public health. This determination was unanimously affirmed by the Appellate Division.
On this appeal plaintiff argues, first, that article 27 of the Environmental Conservation Law dealing with solid waste disposal supersedes and by pre-emption nullifies the town ordinance. To draw this conclusion, however, would require us to say that the mere fact that the State deals with a subject it automatically pre-empts it. We have never construed the principle of pre-emption that broadly. Indeed, where local government is otherwise authorized to act, it will be prohibited from legislating on a subject only if the State pre-empts the field through legislation evidencing a State purpose to exclude the possibility of varying local legislation (People v Cook, 34 NY2d 100, 109). When this occurs a local law may be said to be inconsistent with a State law because it prohibits something which the State law would consider acceptable (e.g., Wholesale Laundry Bd. of Trade v City of New York, 12 NY2d 998). But that is not present here.
In fact the statute in express terms disclaims any State purpose to either supersede or preclude the enactment of local ordinances so long as they are consistent “with at least the minimum applicable requirements” of those regulations promulgated by the statute (ECL 27-0711) and speaks specifically, not of the preclusion, but rather the in *684 elusion of local government in the planning and control of problems endemic to waste management (ECL 27-0101, subds 1, 2; 27-0703, subd 3; 27-0707, subds 3, 4).
Plaintiff’s second contention, relying upon the Supreme Court’s decision in Philadelphia v New Jersey (437 US 617), is that the town’s ordinance violates the interstate commerce clause of the Federal Constitution. In the Philadelphia case there was, at the time of the enactment of the prohibited legislation, actual dumping in New Jersey of refuse generated outside of the State of New Jersey. In that case the discrimination against interstate commerce would seem apparent; however, on the facts of the case now before us, it is hard to see how it can be said that the practical effect of the ordinance is to discriminate against interstate commerce.
The ordinance is not aimed at interstate refuse, but excludes any refuse from outside the town. Although most of the plaintiff’s business involves refuse from surrounding communities, all of those communities are located within the State and there is no contention or indication" that any of the refuse originates beyond the State borders. Nor is there any suggestion that the ordinance affects other Caledonia business concerns which would deal in interstate refuse or that the plaintiff has contracted for, reasonably anticipates, or intends to accept interstate refuse. In fact, through the assertion in its briefs that most if not all of its refuse business is and will continue to be derived from communities within the State, plaintiff has itself succeeded in negating any possible inference that the ordinance has an actual impact on interstate commerce. In the present suit it simply seeks to maintain the status of its business prior to the enactment of the ordinance.
Nor can it be successfully argued that the ordinance in question affects interstate commerce by the threat of a “ripple effect” through the imposition of “cumulative burdens” (see United States v Rock Royal Co-op., 307 US 533, 569-570). To do so we would have to say that this ordinance interferes with interstate commerce because Monroe County would be forced to deposit its refuse elsewhere thereby in *685 directly displacing out-of-State refuse which would otherwise be shipped to the landfill sites that Monroe would be using. Few local ordinances relating to the planned development of a community could withstand constitutional scrutiny if subjected to that type of analysis. For example, a zoning restriction upon the size or number of dwelling units that may be built within a town would have an effect upon interstate commerce, in that it would reduce the flow of building materials across State lines. Surely it cannot be maintained that, for this reason, the commerce clause precludes the adoption of such zoning ordinances by local governments.
In view of the fact that the plaintiff, the operator of the only privately owned landfill in the town which is open to the public, is not engaged in the importation of refuse from out of State, there has been no showing that, in practice, the ordinance has the effect of inhibiting or discriminating against interstate commerce. Neither the cases cited by the plaintiff nor the general principles stated in the case of Dutchess Sanitation Serv. v Town of Plattekill (51 NY2d 670 [decided herewith]) compel a contrary conclusion. In the absence of something more definitive, the presumption of constitutionality should be sufficient to sustain the ordinance.
Accordingly the order of the Appellate Division should be affirmed, with costs.