OPINION OF THE COURT
Simons, J.
Plaintiff, the manufacturer of a cesspool additive known as "Drainz,” a product which contains chlorinated hydrocarbons, commenced this action seeking a declaration that Suffolk County Local Law No. 12 of 1980 was invalid because it was superseded by ECL article 39. Local Law No. 12 prohibits the sale of cesspool additives, defined to include any organic chemical or compound used for cleaning or unclogging sewer *94 lines or sewage disposal systems, without prior approval by the Suffolk County Commissioner of the Department of Health Services (Local Law No. 12 §§ 2, 3). In order to secure the county Commissioner’s approval, the person seeking to offer a particular additive for sale must submit scientific data demonstrating to the Commissioner’s satisfaction that the product "will not adversely affect the groundwaters” (§ 4). The local law became effective August 13, 1980.
Six weeks later, on September 28, 1980, article 39 of the ECL, entitled "Sewage System Cleaners and Additives Used in Restricted Geographical Areas,” became law (L 1980, ch 732, § 5). The State law prohibits the sale and use of certain sewage system cleaning additives in Suffolk and Nassau Counties (ECL 39-0103, 39-0105) and empowers the State Commissioner of Environmental Conservation to promulgate regulations requiring manufacturers of these products to submit information regarding their chemical components and the nature and extent of research concerning their effects, if any, on groundwater (ECL 39-0107 [2]).[1] The Commissioner is also empowered to prohibit or restrict the sale and use of a product containing any ingredient other than one of the specified restricted chemical materials, where the Commissioner finds, after investigation and hearing, that such ingredient "is likely to have a dangerous, deleterious or injurious effect upon the public health or environment” in the restricted geographical areas (ECL 39-0107 [3]). Both the State law and the previously enacted local law seek to prevent contamination of the water resources of Long Island by regulating the flow of cesspool additives into its water supply — i.e., the Magothy acquifer, recognized by Local Law No. 12 to be a sole source acquifer (Local Law No. 12 § 1; ECL 39-0101; see also, L 1980, ch 732, § 1 [legislative findings]). The issue presented is whether Local Law No. 12 is invalid either because it is in conflict with or has been preempted by ECL article 39. For the reasons that follow, we hold that it is not invalid.
I
In 1980, plaintiff sought the approval of the State Commissioner of Environmental Conservation for the sale of its products, "Drainz” and "Super Drainz,” in Suffolk and Nassau *95 Counties. By letter dated October 23, 1980, the Department of Environmental Conservation replied in relevant part as follows:
"Article 39 places the basic responsibility for determining whether sale of a sewage system cleaner or additive is or is not prohibited in Nassau or Suffolk County, on the manufacturer. Based on information you have supplied to this Department, and Nassau County Department of Health analysis of one can of your product, it would appear that your new formulations of Drainz and Super Drainz are not prohibited from sale under Article 39. However, these products have not yet been approved for sale in Suffolk County in accordance with Local Law 12-1980.
"You have indicated that the new formulations will be identified by a 'sunburst’ symbol on each can. Therefore, barring future Department findings to the contrary, the new formulations of Drainz and Super Drainz may be sold in Nassau County (and in Suffolk County, if and only if approved for sale by that County in the future), if the containers are identified by the 'sunburst’ symbol”. (Emphasis applied.)
In June 1981, seeking to enforce Local Law No. 12, Suffolk County prohibited the sale of both "Drainz” and "Super Drainz.” Plaintiff commenced an action in Federal District Court alleging that Local Law No. 12 deprived it of due process of law and that it conflicts with and was superseded by article 39 of the ECL and was therefore invalid. District court abstained from deciding plaintiff’s motion for summary judgment pending resolution in State court of the "preemption” issue raised in the Federal complaint (583 F Supp 1364). Plaintiff then commenced the present action[2] and after cross motions for summary judgment were made, Supreme Court denied plaintiff’s motion, granted defendant’s cross motion and dismissed the complaint, thereby sustaining the validity of Local Law No. 12 (126 Mise 2d 463). The court determined that the Legislature, in enacting article 39, had not clearly manifested an intent to occupy the entire field of sewage system cleaners and additives. It deemed significant that: (i) ECL 39-0105 prohibits only the use of certain amounts of restricted chemical material; the legislation does not touch on other areas of potential restriction as does the local law in question; (ii) the Legislature has not adopted a comprehensive *96 and detailed regulatory scheme with respect to sewage system cleaners and additives; and (iii) exclusive jurisdiction with respect to cesspool cleaners and additives has not been vested in the Commissioner under article 39, as evidenced, in part, by the conclusion of the Department of Environmental Conservation, the agency primarily responsible for the administration of the article, that there was no preemption. Local Law No. 12, the court concluded, had not been preempted by ECL article 39 (126 Misc 2d, at 467-468).
A divided Appellate Division reversed, granted plaintiffs motion for summary judgment, and remitted the matter to Supreme Court for entry of an appropriate judgment declaring Local Law No. 12 to be invalid. Stating that it did not reach the question of whether the local law had been preempted by article 39, the majority determined that although Local Law No. 12 "does not expressly conflict with the provisions of ECL article 39 * * * the local law is [nevertheless] inconsistent with its State counterpart and is, therefore, invalid.” (125 AD2d 641, 644.) The majority advanced two grounds in support of its determination: (1) "by permitting further limitations upon the use of sewage system cleaning products, [Local Law No. 12], in effect, create[s] 'a situation where what would be permissible under the State law becomes a violation of the local law’ ” (id., at 644, quoting Wholesale Laundry Bd. v City of New York, 12 NY2d 998, affg on opn at 17 AD2d 327); and (2) the local law imposed " 'prerequisite "additional restrictions” ’ ” upon the rights and obligations created by State law (125 AD2d, at 645, citing F. T. B. Realty Corp. v Goodman, 300 NY 140).
We granted defendant leave to appeal and now reverse the order of the Appellate Division.
Analysis starts with a recognition that although the constitutional home rule provision confers broad police powers upon local governments relating to the welfare of its citizens, local governments may not exercise their police power by adopting a law inconsistent with the Constitution or any general law of the State (NY Const, art IX, § 2 [c]; New York State Club Assn. v City of New York, 69 NY2d 211, 217, probable jurisdiction noted — US —, 108 S Ct 62; Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99, 105; Monroe-Livingston Sanitary Landfill v Town of Caledonia, 51 NY2d 679, 683; People v Cook, 34 NY2d 100, 105-106). A local law may be ruled invalid as inconsistent with State law not only where an express *97 conflict exists between the State and local laws, but also where the State has clearly evinced a desire to preempt an entire field thereby precluding any further local regulation (New York State Club Assn. v City of New York, supra, at 217; People v New York Trap Rock Corp., 57 NY2d 371, 378; People v De Jesus, 54 NY2d 465, 468-470; People v Cook, supra, at 109; Matter of Ames v Smoot, 98 AD2d 216, 217-219, appeal dismissed 62 NY2d 804). Where it is determined that the State has preempted an entire field, a local law regulating the same subject matter is deemed inconsistent with the State’s overriding interests because it either (1) prohibits conduct which the State law, although perhaps not expressly speaking to, considers acceptable or at least does not proscribe (New York State Club Assn. v City of New York, supra, at 221; Monroe-Livingston Sanitary Landfill v Town of Caledonia, supra, at 683; see also, Wholesale Laundry Bd. v City of New York, 12 NY2d 998, affg on opn at 17 AD2d 327, 327-330, supra) or (2) imposes additional restrictions on rights granted by State law (see, e.g., Robin v Incorporated Vil. of Hempstead, 30 NY2d 347, 350-352; F. T. B. Realty Corp. v Goodman, 300 NY 140, 147-148, supra). Such laws, were they permitted to operate in a field preempted by State law, would tend to inhibit the operation of the State’s general law and thereby thwart the operation of the State’s overriding policy concerns (New York State Club Assn. v City of New York, supra, at 217, 221; Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99, 108, supra; see also, Floyd v New York State Urban Dev. Corp., 33 NY2d 1, 7).
In this case, plaintiff does not argue, nor could it, that the provisions of Local Law No. 12 expressly conflict with the provisions of article 39. No right or benefit is expressly given to a manufacturer of cesspool additives by the State law which has then been curtailed or taken away by the local law (see, e.g., Robin v Incorporated Vil. of Hempstead, supra, at 348-350; Matter of Kress & Co. v Department of Health, 283 NY 55, 58-60). Rather, the State law expressly imposes an obligation on manufacturers of cesspool additives • to provide information relating to the environmental impact of their products. The fact that both the State and local laws seek to regulate the same subject matter does not in and of itself give rise to an express conflict (see, Council for Owner Occupied Hous. v Koch, 119 Misc 2d 241, 244-245, affd for reasons stated below 61 NY2d 942; Sonmax, Inc. v City of New York, 43 NY2d 253, 257-258; Town of Clifton Park v C. P. Enters., 45 AD2d 96, 97- *98 98). Therefore, as defendant argues, in the absence of an express conflict, whether the local law is invalid as inconsistent with the State’s overriding interest turns on whether the State has preempted the entire field of sewage system cleaners and thus precluded any further regulation by localities (New York State Club Assn. v City of New York, 69 NY2d 211, 221-222, supra; People v De Jesus, 54 NY2d 465, 468-470, supra; People v Cook, 34 NY2d 100, 109, supra; Matter of Ames v Smoot, 98 AD2d 216, 218-219, supra). We agree with defendant that Local Law No. 12 has not been preempted by article 39 of the ECL.
Although the intent to preempt need not be express (Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99, 105, supra), we are satisfied that the Legislature has not impliedly evinced its desire to preclude the possibility of local regulation of sewage system cleaners (see, id., at 105-107; People v New York Trap Rock Corp., 57 NY2d 371, 377-378, supra; People v De Jesus, supra). No preemptive intent is evident from either the Legislature’s declaration of State policy in ECL 39-0101 or the statutory scheme which has been enacted (see, e.g., Consolidated Edison Co. v Town of Red Hook, supra; People v De Jesus, supra; Robin v Incorporated Vil. of Hempstead, 30 NY2d 347, 350, supra; Dougal v County of Suffolk, 102 AD2d 531, 532-534, affd on opn below 65 NY2d 668).
In the declaration accompanying article 39, the Legislature stated that "the public policy of this state [is] to prevent the pollution of water resources in restricted geographical areas through the use of sewage system cleaners and additives by establishing a regulatory program restricting the use of such products” (ECL 39-0101). The legislative findings state that certain halogenated and aromatic hydrocarbon chemicals "used as sewage system cleaners are a significant and unnecessary source of groundwater contamination * * * When used by homeowners to unblock or deodorize sewage systems they are introduced into the groundwater where they have adverse effects on the health and environment of residents of restricted geographical areas. This act [L 1980, ch 732] serves to eliminate the introduction of these toxic chemicals into Long Island groundwaters” (L 1980, ch 732, § 1). Although at first glance these statements would appear to be quite expansive, entirely absent is any desire for across-the-board uniformity for the protection of the Long Island water supply (see, e.g., Consolidated Edison Co. v Town of Red Hook, supra, at 105-106; People v De Jesus, 54 NY2d 465, 468-470, supra). More *99 over, article 39 is expressly directed at eliminating only certain toxic chemicals from polluting the Long Island water supply and is not directed at eliminating the introduction of all potentially toxic chemicals in the Long Island groundwater; hence, although both article 39 and the local law share the same goal — protection of the Long Island water supply— the scope of article 39 is not nearly as broad as plaintiff contends and, as we have stated in the past, that the State and local laws touch upon the same area is insufficient to support a determination that the State has preempted the entire field of regulation in a given area (People v New York Trap Rock Corp., 57 NY2d 371, 378, supra; Monroe-Livingston Sanitary Landfill v Town of Caledonia, 51 NY2d 679, 683, supra; People v Judiz, 38 NY2d 529, 531-532).
Similarly, the statutory scheme enacted by the Legislature is not so broad in scope or so detailed as to require a determination that article 39 has superseded all existing and future local regulation. Although section 39-0107 of the ECL empowers the Commissioner of the DEC to prohibit or restrict other chemical materials not expressly identified in ECL 39-0103 (4), the Commissioner has not been vested expressly or implicitly with exclusive jurisdiction over these matters, nor does the structure of article 39 impose its own direct controls at the local level by, for example, creating local environmental boards with the power to prohibit or restrict other potentially toxic materials (see, People v De Jesus, 54 NY2d 465, 469, supra), or issuing detailed instructions to localities concerning procedures to be employed in fostering compliance with the provisions of article 39 (see, Dougal v County of Suffolk 102 AD2d 531, 533, supra), either of which would indicate that the State regulatory scheme was to take precedence over and supplant any local regulatory scheme.
Although an express statement of preemption is not required, it is significant that no such statement appears in the statute, considering that article 39 was enacted shortly after the enactment of Local Law No. 12. Moreover, because no express superseder clause is found anywhere in article 39, it is significant that the Department of Environmental Conservation believed that the statute was not intended to preempt local legislation (cf., Matter of Northeast Mines v State of New York Dept. of Envtl. Conservation, 113 AD2d 62, 64, Iv denied 68 NY2d 612 [State statute contains an express superseder clause]). Contrary to plaintiff’s contentions, that the two laws share the same goal, that the local law does not address a *100 uniquely local problem or that the local law does not proscribe the use of chemical additives which cannot be sold or distributed in Suffolk County does not lead to the conclusion that article 39 of the ECL was intended to preempt all local legislation bearing on sewage system cleaners
Having determined that article 39 has not preempted Local Law No. 12, plaintiff’s argument that local law prohibits what State law would allow and is therefore invalid is meritless for as we stated most recently in New York State Club Assn. v City of New York (69 NY2d 211, 221-222, supra, quoting People v Cook, 34 NY2d 100, 109, supra): " 'This statement of the law is much too broad. If this were the rule, the power of local governments to regulate would be illusory’. Rather, the general principle set forth in Wholesale Laundry [supra] applies only when the Legislature has 'evidenced a desire that its regulations should pre-empt the possibility of varying local regulations’ [People v Cook, supra; see also, Consolidated Edison Co. v Town of Red Hook, supra, at 107-108] or when the State specifically permits the conduct prohibited at the local level (see, Matter of Kress & Co. v Department of Health, 283 NY 55, 59 [supra] [other citation omitted]).” (See also, Monroe-Livingston Sanitary Landfill v Town of Caledonia, 51 NY2d 679, 683, supra; Niagara Recycling v Town of Niagara, 83 AD2d 316, 330.)
We have considered plaintiff’s remaining arguments and find them to be without merit. Accordingly, the order of the Appellate Division should be reversed, with costs, plaintiff’s motion for summary judgment denied, defendant’s cross motion for summary judgment granted and judgment entered in defendant’s favor declaring Suffolk County Local Law No. 12 of 1980 to be valid.
Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacos a concur.
Order reversed, etc.

. Apparently, no regulations have as yet been promulgated.

. Plaintiffs Federal due process challenge to the local law is not before this court and we express no view as to the merits of that challenge.