Bellacosa, J.
(dissenting). I disagree that the City of New York’s local legislative effort to close all cabarets, dance halls and catering establishments for four hours, between 4:00 a.m. and 8:00 a.m., is preempted by the State Alcoholic Beverage Control Law.
No one challenges the New York State Alcoholic Beverage Control Board’s comprehensive authority to regulate the sale and distribution of alcoholic beverages. That State law overrides any local legislation which would purport to regulate the sale and distribution of alcohol. Thus, if the purpose or effect of Administrative Code of the City of New York § B32-303.0 were to regulate the hours of sale of alcoholic beverages, it would be invalid and unenforceable (People v De Jesus, 54 NY2d 465, 472). But that is not what this local law does in the context of local governments’ prerogatives to enact local laws of general application which are aimed at other legitimate concerns of local government so long as they do not intrude essentially on the State’s exclusive control over the sale or distribution of alcohol (People v De Jesus, supra, at 471).
Administrative Code § B32-303.0 (renum § 20-367) provides, without any reference whatsoever to the sale or distribution of alcoholic beverages, that all cabarets, catering establishments and public dance halls in the City of New York must be closed to the public between the hours of 4:00 a.m. and 8:00 a.m. The local law is generally applicable in the City of New York to every establishment, whether it is licensed to sell alcoholic beverages or not. Alcoholic Beverage Control Law § 106 (5) affects only those establishments licensed to sell alcoholic beverages for on-premises consumption and prohibits sale or distribution of alcoholic beverages between 4:00 a.m. and 8:00 a.m. (to noon on Sundays). It further forbids such establishments from permitting customers to continue to consume alcoholic beverages on premises any later than 4:30 a.m.
*766 In a not unrelated development with respect to a similarly directed New York City statute, the United States Supreme Court, on June 22, 1989, said: "It can no longer be doubted that government 'ha[s] a substantial interest in protecting its citizens from unwelcome noise.’ This interest is perhaps at its greatest when government seeks to protect 'the well-being, tranquility, and privacy of the home,’ but it is by no means limited to that context, for the government may act to protect even such traditional public forums as city streets * * * from excessive noise.” (Ward v Rock Against Racism, 491 US —, 109 S Ct 2746, — [citations omitted].) If that New York City quality-of-life noise control law could pass constitutional muster measured against the First Amendment of the United States Constitution, surely the similarly targeted local law under challenge here ought not fall before that hardly comparable paragon, the State Alcoholic Beverage Control Law.
The local law serves the legitimate local government concern of maintaining the peace and quiet of its municipal neighborhoods for a brief and relevant portion of each day. It makes no effort to control the sale of and distribution of alcoholic beverages. To be sure, the local law may incidentally affect the consumption of alcohol for one overlapping half hour in the wee hours when most people are turning over for the last time before getting up to go to work. It is that one-half hour during which the Alcoholic Beverage Control Law itself forbids sale and merely tolerates patrons taking their final gulps to finish "last call” drinks purchased prior to 4:00 a.m. The local law therefore does not clash with the State sale regulation and affects consumption only in the most de minimis fashion and in a manner no greater than is needed to further the general and broader local interest in maintaining tranquility in its neighborhoods for the good of all its citizens and residents. It can legitimately be characterized as not a direct regulatory proposition in the strict legal sense of that word. In any event, the mere fact "that the State and local laws touch upon the same area is insufficient to support a determination that the State has preempted the entire field of regulation in a given area” (Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 99 [citations omitted]; see also, Frew Run Gravel Prods. v Town of v Carroll, 71 NY2d 126, 131).
As noted, Administrative Code § B32-303.0 is not inconsistent with the Alcoholic Beverage Control Law. A local law will be deemed inconsistent with a State statute if thé local law permits an act which has been specifically prohibited by *767 State law or, conversely, if the local law prohibits an act which has been specifically permitted by State law (New York State Club Assn. v City of New York, 69 NY2d 211, affd 487 US 1, 108 S Ct 2225). Administrative Code § B32-303.0 clearly does not permit an act which has been prohibited by State law because the local law does not authorize anything between the hours of 4:00 a.m. and 8:00 a.m. — except some peace and quiet. Nor does the local law prohibit an act which has been specifically permitted by State law. Alcoholic Beverage Control Law § 106 (5) prohibits establishments with State liquor licenses from selling or distributing alcoholic beverages between 4:00 a.m. and 8:00 a.m. — that part is four-square consistent with the closing hours mandated by the local law. It is only the failure to forbid the customers from finishing their earlier purchased alcoholic beverages until 4:30 a.m. that creates the tiniest overlap (see, Jancyn Mfg. Corp. v County of Suffolk, supra, at 99). That, however, does not qualify as a legal preemption collision. The State law does not specifically authorize any conduct during that period; it rather forebears regulation, tolerates a transition instead of an abrupt ending, and it expressly prescribes the kind of conduct that is unlawful. The State law is actually silent on the precise subject of alleged controversy here and that silence should not be elevated, transformed or implied into a superseding interest (People v Judiz, 38 NY2d 529, 532; People v Cook, 34 NY2d 100).
The majority’s invalidation of this local law creates the anomaly that the City can order nonalcoholic-dispensing establishments to close and be quiet, but it is powerless as to those in which patrons are allowed to down their drinks for an extra half hour. It also strikes me as a bit incongruous to have the regulated licensees defending the honor and power of their regulatory protagonist, the State Liquor Authority— which appears to have little or no interest in defeating this small effort by the City of New York to improve ever so incrementally the quality of life of all its residents.
I dissent and would reverse and declare the local law valid.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur; Judge Bellacosa dissents and votes to reverse in an opinion.
Order affirmed, with costs, in a memorandum.