Donald R. Becker, Esq. Town Attorney, Newburgh
You have asked whether a town may enact a local law establishing regulations, which are more expansive in their application than the provisions of the Public Health Law to ensure that housing subdivisions receive an adequate and satisfactory supply of water.
Under section 1116(1) of the Public Health Law, no subdivision may be sold, offered for sale, leased or rented and no permanent building may be erected thereon until a water supply plan or map for the subdivision is filed with and approved by the State Department of Health or city, county, or part-county department of health having jurisdiction. The plan or map must show methods for obtaining and furnishing an adequate and satisfactory water supply to the subdivision (id., § 1116[2]). For purposes of this provision, "subdivision", in relevant part, means a tract of land divided into five or more parcels for sale or for rent as residential lots (id., § 1115[1]). A "residential lot" is a parcel of land of five acres or less (id., § 1115[3]).
Under the proposed local law, the definition of subdivision would be expanded to include the division of land into fewer than five parcels and would include a division into a residential lot of greater than five acres. While your letter has spelled out in some detail examples of the expanded coverage of subdivisions under the proposed local law, as a matter of policy, this office does not review proposed local enactments. Thus, we will limit this opinion to the question of whether there is authority for the local law. The actual drafting of the local law is a matter for the local legislative body with input from the municipal attorney.
Local governments have authority to enact and amend local laws relating to the government, protection, order, conduct, safety, health and well-being of persons or property therein (Municipal Home Rule Law, § 10[1] [ii] [a] [12]). This is the grant of police power to local governments. In our view, a town is authorized under this grant of authority to enact the proposed local law. We believe that the proposed local law is neither preempted by nor inconsistent with the provisions of the Public Health Law.
In a recent opinion of the Court of Appeals, the issues were similar (Jancyn Mfg. v Suffolk County, 71 N.Y.2d 91 [1987]). The plaintiff had sought a declaration that a local law of the County of Suffolk was invalid because it was superseded by provisions of the Environmental Conservation Law. The local law prohibited the sale of cesspool additives without prior approval by the Suffolk County commissioner of the department of health services. The State law prohibited the sale and use of specific sewerage system cleaning additives in Suffolk and Nassau Counties and authorized the commissioner of DEC to investigate other products. The issue presented was whether the local law was invalid either because it was in conflict with or had been preempted by State law.
First, the Court of Appeals found that there was no express conflict between the State law and the local law in that the State law provided no right or benefit to a manufacturer of cesspool additives that had been curtailed or taken away by the local law (Jancyn, supra, p 97). The fact that both the State and local laws regulated the same subject did not give rise to an express conflict (ibid.).
Next, while noting that the attempt to preempt local legislation need not be express, the Court found that the Legislature had not impliedly indicated a desire to preclude the local regulation of sewer system cleaners (supra, p 98). No preemptive intent was evident either from the Legislature's declaration of policy or the statutory scheme which had been enacted (ibid.). While the declaration of legislative findings indicated a policy to eliminate the introduction of toxic chemicals into Long Island ground waters, it was found that there was no indication of a desire for across-the-board uniformity for the protection of the Long Island water supply (ibid.). "[H]ence, although both article 39 and the local law share the same goal — protection of the Long Island water supply — the scope of article 39 is not nearly as broad as plaintiff contends and, as we have stated in the past, that the State and local laws touch upon the same area is insufficient to support a determination that the State has preempted the entire field of regulation in a given area" (supra, p 99). Finally, plaintiff argued that the local law was invalid because it prohibited what State law would allow. The Court of Appeals, citing its recent decision in New York State ClubAssn. v City of New York, 69 N.Y.2d 211, 221-222 (1987), stated that "[t]his statement of the law is much too broad. If this were the rule, the power of local governments to regulate would be illusory" (supra, p 100).
Returning to the question at hand, there is no express or other indication from the scheme of the State regulations of an intent to preempt the regulation of subdivision water supplies. The State law, by its terms, is limited in its application. The local law would extend the protection of the State statute and require review of water supplies in subdivisions not covered by State law. As noted in Jancyn, supra, the fact that the State law and local law regulate the same subject areas does not create an inconsistency nor does the fact that a subdivision would not be subject to review under the State law but would be under the provisions of the local law. State law grants no right to a developer to be free of further regulation. The legislative history of this provision indicates that it was intended as a consumer protection measure (Bill Jacket, L 1952, ch 66; L 1933, ch 403). If anything, the local law extends the public policy established by the State law, that is, assurance of an adequate and safe water supply for residents of subdivisions.
We note that your proposed local law would grant to the county health department jurisdiction to review the subdivisions regulated under the local law. We believe that a town has no authority to expand the jurisdiction of an agency of another local government. While the town could conduct this more expansive review of water supplies itself, there is no authority to expand the jurisdiction of another local government agency. Except in the case of a transfer of functions under the provisions of the Constitution, a local government does not have power to adopt local laws which impair the powers of any other public corporation (Municipal Home Rule Law, § 10[5]).
We conclude that a town, consistent with the provisions of the Public Health Law, by local law may expand the definition of "subdivision" for purposes of assuring the adequacy and safety of residents' water supply.