OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, the article 78 proceeding dismissed and judgment granted in favor of the Town Board of the Town of Knox declaring section 10 of the Sanitary Code of the Town of Knox valid.
 

 The Legislature has clearly provided that "Local laws, ordinances or regulations which comply with at least the minimum applicable standards set forth in the sanitary code shall be deemed not inconsistent with such code” (Public Health Law § 228 [3]). Thus, Town of Knox Sanitary Code § 10, which provides more stringent standards than State regulations with respect to sewage or effluent disposal on the ground
 
 *828
 
 surface, is not impermissibly inconsistent with State regulations
 
 (see, Monroe-Livingston Sanitary Landfill v Town of Caledonia, 51
 
 NY2d 679, 683; Public Health Law § 228 [3]). We find no merit to the State Department of Environmental Conservation’s argument that the regulation of such sewage and effluent disposal has been "impliedly pre-empted” by the State pollutant discharge elimination system (SPDES) permit regulation
 
 (see,
 
 ECL 17-0701
 
 et seq.).
 
 SPDES regulation is not "so broad in scope or so detailed as to require a determination that [article 17] has superseded all existing and future local regulation”
 
 (Jancyn Mfg. Corp. v County of Suffolk,
 
 71 NY2d 91, 99).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.