OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously modified on the law by reducing the fine imposed to $1,000 and as so modified affirmed.
Defendant was charged with dumping infectious waste including needles, human teeth, blood soaked gauze pads, napkins and the like in a dumpster on private property under section 44-1 of the Town Code. Defendant was also charged with improperly disposing of infectious waste under ECL 71-2704 (2) (b) (repealed by L 1989, ch 180, § 19, eff June 22, 1989). On April 18, 1989, the Department of Environmental Conservation (DEC) issued a consent order withdrawing the criminal charges and assessing a civil penalty of $5,000, half of which was suspended pending compliance with the order.
Thereafter, defendant’s motion to dismiss the charge of dumping in violation of section 44-1 of the Town Code was denied. Defendant pleaded guilty and was fined $2,000.
Defendant argues that the State has preempted the field of infectious waste management thereby nullifying the code. A review of article 27, title 15, of the ECL does not indicate that the State has enacted such a comprehensive and detailed scheme in this area that would preempt local legislation. The mere fact that a local law touches upon the same matters as State legislation does not, in of itself, render it void on preemption grounds (Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 97; People v New York Trap Rock Corp., 57 NY2d 371).
Defendant also claims that his prosecution under the Town Code is barred by the double jeopardy doctrine. The double jeopardy provision is not intended to apply to, as a general rule, a prior civil sanction or proceeding, even though such proceeding is in part a punishment for an offense (21 Am *444 Jur 2d, Criminal Law, §§ 249, 250, 251). Although, a civil sanction may be so disproportionate to the damages caused by defendant as to constitute punishment, this does not prevent the government from seeking and obtaining both the full civil penalty and the full range of statutorily authorized criminal penalties (United States v Halper, 490 US 435).
However, in our opinion, defendant should not have been sentenced to a $2,000 fine under section 44-4 (B) of the Town Code, which authorizes an enhanced fine for dumping a toxic substance. Inasmuch as the court found the material not to be toxic, the maximum fine permissible is $1,000 under section 44-4 (A).
DiPaola, P. J., Stark and Ingrassia, JJ., concur.