Requestor: William M. Kavanaugh, Esq., Corporation Counsel City of Newburgh City Hall 83 Broadway Newburgh, New York 12550
Written by: Harvey Berman, Assistant Attorney General
You have asked whether the City of Newburgh may enact a local forfeiture law allowing it to seize any personal or real property found to be used, in violation of Federal or State law, in the transport or sale of contraband.
Under the home rule provisions of the New York Constitution and the Municipal Home Rule Law, municipalities have the power to adopt local laws, consistent with the Constitution and general State laws, relating to the "government, protection, order, conduct, safety, health and well-being of persons or property" within the municipality. N Y Const, Art IX, § 2(c); Municipal Home Rule Law § 10(1)(ii)(a)(12). This grant has been characterized as conferring broad police powers upon local governments. Jancyn Mfg. v Suffolk County, 71 N.Y.2d 91, 96-97 (1987);NYS Club Ass'n. v City of New York, 69 N.Y.2d 211, 217 (1987), affd,487 U.S. 1 (1988).
However, this grant of power "is not a delegation to a municipal corporation of the entire police power of the State and is limited to matters of an inherently local nature". Robin v Inc. Village ofHempstead, 30 N.Y.2d 347, 351 (1972), quoting 6 McQuillan, Municipal Corporations (1969 rev ed), § 24.45, p 568. A city clearly has an inherent local interest in the enforcement of its own local laws and, thus, may undoubtedly provide for the punishment of violations of these laws by civil penalty, fine, forfeiture or imprisonment, or by a combination of these punishments. Municipal Home Rule Law §10(4)(b); 1988 Op Atty Gen (Inf) 65. However, prescribing the punishment for violations of State or Federal penal statutes is not a matter of inherent local concern. The provisions of State and Federal penal statutes which relate to the transport or sale of controlled substances are general laws applicable alike to all municipalities throughout the State. Municipal Home Rule Law § 2(5). Crimes such as these are "not essentially local" and cannot, therefore, "be said to touch the affairs that a city is organized to regulate". Adler v Deegan, 251 N.Y. 467, 489
(1929), (Cardozo, J., concurring). For this reason, "a municipal corporation cannot impose punishment for an offense against the criminal laws of the state". 6 McQuillan, Municipal Corporations at § 23-05, p 509. See, also, People v Autieri, 120 Misc.2d 725, 730-731 (NYC Ct 1982).
To be sure, the State may, in some instances, authorize a municipal corporation to enforce a State statute. See, Executive Law § 383; 1974 Op Atty Gen (Inf) 264. Neither the State Legislature nor Congress, however, has given municipal corporations any such authority to enforce the State Penal Law or any Federal penal statute prohibiting the transport or sale of contraband. In the absence of any such express authorization, municipal corporations may not prescribe any punishment for the violation of these penal laws.
We therefore conclude that a municipal corporation may not enact a local forfeiture law authorizing the seizure of personal or real property found to be used, in violation of Federal or State law, in the transport or sale of contraband.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.