David J. Gilmartin, Esq. Informal Opinion Deputy Town Attorney No. 96-22 Town of Southamptom Town Hall 116 Hampton Road Southampton, N Y 11968
Dear Mr. Gilmartin:
You have asked whether the town is authorized to impose charges on property owners for a police or fire department response to a false alarm. You have noted that Article 6-D of the General Business Law regulates the business of installing security and fire alarm systems. You conclude that the sections of Chapter 85 of the Town Code that deal with the licensing of individuals or companies that install, monitor, lease, operate, maintain, own, or sell alarm systems have been expressly preempted by the State law. Your concern is limited to those portions of the Town Code which impose charges on individual property owners for false alarms. Specifically, your inquiry is whether section 69-z(2) of Article 6-D of the General Business Law, the legislative statement of preemption, renders those portions of the Town Code invalid.
The parts of the Southampton Town Code in issue regulate alarm systems that are connected to the police and fire departments. Your letter states that the Code authorizes the town to charge the party responsible for the false alarms. The owner or lessee of property must pay a charge to the town for each false emergency alarm to which the police or fire department responds. You have indicated that the Code defines a false emergency alarm as any signal actuated by an emergency alarm which is not the result of a fire, holdup, robbery, or other crime or emergency, to which the police or fire department responds. The schedule of charges is outlined in the Code for each false alarm in any twelve month period.
Local governments, including towns, are authorized to adopt and amend local laws in relation to the government, protection, order, conduct, safety, health and well-being of persons or property therein. Municipal Home Rule Law § 10(1)(ii)(a)(12). This is the grant of local police power. This grant of authority, however, is limited in that a local law may not be inconsistent with the Constitution or any general law. Municipal Home Rule Law § 10(1)(ii). The scope of home rule authority is limited also where the Legislature has expressed an intent to preempt local legislation with respect to a given subject. New York State ClubAssn. v. City of New York, 69 N.Y.2d 211, 217 (1987).
Article 6-D of the General Business Law, as stated above, regulates the business of installing security and fire alarm systems. These provisions require businesses that install, maintain or service security or fire alarm systems to hold a license. General Business Law, Art 6-D, § 69-m. The statute outlines the application and examination requirements.Id., §§ 69-o-69-q. Definitions of license violations and corresponding penalties are also covered. Id., §§ 69-r-69-x. The section of the Town Code in question, however, imposes charges for false alarms, a matter which is not addressed by the General Business Law. Clearly, each law regulates a different subject.
By its terms, Article 6-D of the General Business Law does not preempt the Town Code provisions in issue. Section 69-z(2) of the Article states, in part:
 this article shall not be held to invalidate any provision of the laws of this state or any subdivision thereof unless there is direct conflict between the provision of this article and the provision of such law or unless such law is duplicative of this article, in which case this article shall prevail.
Town Code provision, as described in your letter, is not in conflict with Article 6-D of the General Business Law. Each law regulates a different subject. The fact that a local law regulates in a subject area that is not covered by State law does not establish inconsistency or a direct conflict. Jancyn Mfg. Corp. v County of Suffolk, 71 N.Y.2d 91, 97
(1987). The courts have specifically rejected this as a test of "inconsistency".
 If this were the rule, the power of local governments to regulate would be illusory. Any time that the State law is silent on a subject, the likelihood is that a local law regulating that subject will prohibit something permitted elsewhere in the State. That is the essence of home rule.
People v. Cook, 34 N.Y.2d 100, 109; Jancyn Mfg. Corp., supra,71 N.Y.2d at 97-99 (1987).
Since each law regulates a different subject matter, we have determined that there is neither a conflict nor duplication between the provisions of the Town Code in question and Article 6-D of the General Business Law. The Town Code, therefore, is not preempted by section 69-z(2) of Article 6-D.
We conclude that the provision of the Town Code setting charges for false emergency alarms is valid because it is not in conflict with and has not been preempted by article 6-D of the General Business Law. Unlike the Town Code provision, the State law regulates the business of installing alarm and security systems.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions