Thomas P. Halley, Esq. Informal Opinion No. 99-42 Town Attorney Town of Clinton 21 Alden Road Poughkeepsie, New York 12603
Dear Mr. Halley:
In your letter and a subsequent telephone conversation, you have asked whether a member of the board of assessment review, who files a disclosure form stating that he is the owner of property under review by the board, is required to recuse himself from participating in board review of the assessment of the property, and if he is, whether he may be removed or disciplined for failure to do so. We conclude the subject board member has an obligation to recuse himself to preserve the validity of action taken by the board, but under State law he may not be disciplined for failure to do so. Recusal could be required by local law or in a code of ethics. The local law or code could provide penalties to enforce compliance.
Real Property Tax Law § 523(1) requires members of boards of assessment review to file disclosure forms setting forth any direct or indirect interest they have in property before the board for review. Id., § 523(3). A member is deemed to have a direct or indirect interest in property before the board for review when the member, his or her spouse, or any of his or her minor children:
(a) is the owner of such property; or
 (b) is an officer, director, partner or employee of an entity which is an owner or lessee of such property; or
 (c) is an officer, director, partner or associate of a law firm or real estate firm which has a financial interest with the owner or lessee of such property; or
 (d) legally or beneficially owns or controls stock of a corporation which is an owner or lessee of such property, provided, however, ownership of stock shall not constitute an interest where such stock is listed on a major stock exchange or is sold on the over the counter market and the value thereof is less than ten thousand dollars. Id.
Members who knowingly and intentionally fail to disclose an interest in such property are subject to civil fines. Id. The statute does not, however, require board members who disclose an interest in property to recuse themselves from participating in board action regarding that property and therefore does not penalize failure to do so.
In our view, the subject board member nevertheless should recuse himself because he has a direct and substantial conflict of interest in the board's review of property he owns. There is, at the very least, an appearance of impropriety if the board member participates in this review. Recusal is thus necessary to maintain public confidence in the integrity of government. Recusal is also necessary to preserve the validity of action taken by the board.
The board member's participation will render action taken by the board of assessment review vulnerable to attack. In Tuxedo Conservation Taxpayers Ass'n v. Town Bd. of Town of Tuxedo, 69 A.D.2d 320 (2d Dept 1979), the Sterling Forest Development Corporation and another company filed an application to build a residential unit, referred to as a "Planned Integrated Development." The development was subject to approval by the town board. Sterling was a wholly owned subsidiary of City Investing Corporation. A board member voting in favor of the development in a three-to-two vote by the town board was the vice-president of an advertising agency which had City Investing Corporation as one of its corporate clients. The court noted the clear inference that if the application were approved, the advertising agency would be a strong contender to obtain all advertising contracts for the $200 million project. Id., at 323. The board member refused to disqualify himself but, recognizing the existence of an apparent conflict of interest, he sought an opinion from the local ethics committee, which never responded to his inquiry. Tuxedo, at 323. Upon a challenge by a taxpayers' association, the court annulled the decision of the town board based on the board member's participation and other grounds.
As in the matter before us for review, in Tuxedo state law required only disclosure. Applications under the zoning and planning regulations of a municipality must identify any state or local officer with an interest in the application. See General Municipal Law § 809. A person knowingly and intentionally violating the provision is guilty of a misdemeanor. Id. In defense of its decision, the town board asserted that the subject board member did not violate section 809 of the General Municipal Law by failing to disclose his interest in the application. Tuxedo, 69 A.D.2d at 324. The court found that defense unpersuasive reasoning:
 Reverting now to the December 28, 1977 meeting of the Town Board, we deplore Mr. Martineau's participation in the vote. Not because of the result, but that he voted at all, even though it may have meant putting the matter over until the advent of the new year. We direct his attention to the soaring rhetoric of Chief Judge CARDOZO in his opinion in Meinhard v. Salmon, 249 N.Y. 458, 464 164 N.E. 545, 546:
 "A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior."
 . . . For like Caesar's wife, a public official must be above suspicion. Id., at 324.
Based upon this conflict and for other reasons, the court affirmed the decision below annulling the town board's decision.
Here, the subject board member has a direct and substantial interest as the owner of property subject to the board's assessment review. Any action by the board on this property, with the member's participation, will be similarly vulnerable to legal challenge. A member of a public board should not, by participating despite such a conflict, jeopardize the decision of the board.
As in Tuxedo, compliance with the disclosure requirement in section523(1) of the Real Property Tax Law does not satisfy the board member's responsibilities. In the event of a minor conflict, disclosure alone may be satisfactory. There is nothing, however, in the statute that preserves the validity of action by the board of assessment review in the event a participating member has a substantial and direct conflict like the one before us for review. Accordingly, a member of a board of assessment review who owns property is obligated to recuse himself from participating in board proceedings relating to that property to preserve the validity of action taken by the board and maintain public confidence in the integrity of government.
We note that a municipality may enact a local law explicitly requiring that members of public boards recuse themselves when they have interests, as defined in the law, in matters before the boards for review. Such a local law is within the authority of a municipality to enact local laws, consistent with the Constitution and any general laws, relating to the powers, duties, qualifications and other terms and conditions of employment of its officers and employees. See Municipal Home Rule Law § 10(1)(ii)(a)(1). Also, municipalities are required to adopt, by local law, ordinance, or resolution, codes of ethics setting forth, for the guidance of their officers and employees, the standards of conduct reasonably expected of them. See General Municipal Law §806(1)(a). The code is required to include provisions regarding the holding of investments in conflict with official duties and other private activities and interests which conflict with their duties. Id. A code of ethics may require recusal when a member of a public board has a conflict of interest. Id. Significantly, a local law or code of ethics establishing such standards may assess penalties to enforce its provisions. See Municipal Home Rule Law § 10(4); Op Atty Gen (Inf) No. 91-68.
Such a local law or code of ethics, as it would apply to members of boards of assessment review, would neither be preempted by nor inconsistent with section 523(1) of the Real Property Tax Law. See Op Atty Gen (Inf) No. 89-41 (citing and discussing, Jancyn Mfg. v. SuffolkCo., 71 N.Y.2d 91 [1987]). The provisions of section 523(1) of the Real Property Tax Law do not manifest an intent to preempt regulation of conflict of interests facing members of boards of assessment review. A local law or code of ethics requiring recusal and assessing penalties for violations would extend the protection of the state statute, which is designed to preserve the integrity of governmental operations. Id. Section 523(1) grants no right to a member of a board of assessment review to be free from further regulation. Id. Therefore, the local law or code of ethics would be consistent with section 523(1). Id.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions