Martinez v City of New York (2025 NY Slip Op 03765)

Martinez v City of New York

2025 NY Slip Op 03765

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Renwick, P.J., Kapnick, Mendez, Pitt-Burke, Michael, JJ. 

Index No. 152989/23|Appeal No. 4531|Case No. 2025-01075|

[*1]Ileana Martinez et al., Plaintiffs-Appellants-Respondents,
v
The City of New York, Defendant-Respondent-Appellant.

Cozen O'Connor, New York (Jerry H. Goldfeder of counsel), for appellants-respondents.
Muriel Goode-Trufant, Corporation Counsel, New York (Amy McCamphill of counsel), for respondent-appellant.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered February 26, 2025, which, insofar as appealed from, granted defendant City of New York's motion to dismiss the first and fifth causes of action in the second amended complaint, and adjudged and declared that New York City Charter Chapter 50-A section 1139 (Local Law 15) does not violate plaintiffs' rights of association under the First and Fourteenth Amendments to the US Constitution and NY Constitution, article I, § 1 and is not preempted by Public Officers Law § 3, and denied the City's motion to dismiss the sixth cause of action seeking a declaration that under Municipal Home Rule Law § 23(2)(e), the enactment of Local Law 15 required a voter referendum, but declined to issue the requested declaration that the enactment of Local Law 15 required such a referendum, unanimously modified, on the law, to grant the City's motion to dismiss the sixth cause of action and to declare that the enactment of Local Law 15 did not require a voter referendum, and otherwise affirmed, without costs.
Public Officers Law § 3, which sets forth qualifications for those seeking to hold "civil office" in New York State and includes a list of disqualifications that enumerates specific crimes barring someone from holding such office, does not preempt Local Law 15. Local Law 15 bars people who were convicted of different crimes from those listed in the Public Officers Law from holding high-level office in New York City. Conflict preemption, which applies where a right or benefit expressly given by state law is curtailed by a local law (see Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 96-97 [1987]; New York State Club Assn. v City of New York, 69 NY2d 211, 222 [1987], affd 487 US 1 [1988]; Patrolmen's Benevolent Assn. of the City of N.Y., Inc. v City of New York, 142 AD3d 53, 61-62 [1st Dept 2016], appeal dismissed 28 NY3d 978 [2016]), is not applicable here. Nor did plaintiffs show that the state has "clearly evinced a desire to preempt an entire field thereby precluding any further local regulation" (Jancyn Mfg. Corp., 71 NY2d at 97; see Glen Oaks Vil. Owners, Inc. v City of New York, __ NY3d __, 2025 NY Slip Op 03101 [2025]).
Local Law 15 does not violate plaintiffs' constitutional rights of association. The testimony at the City Council hearing supported its passage by discussing the law's rational, if not compelling, purpose of restoring the public trust in government by barring the candidacy of those whose proven past conduct shows their willingness to abuse that trust by misappropriating taxpayer dollars. Plaintiffs' other contentions, that the Local Law 15 provisions are irrational and both too broad and too narrow, are more reflective of policy and execution disagreements, and are insufficient to make the requisite showing that they infringe on constitutional rights.
The court should have dismissed the sixth cause of action seeking a declaration that Local Law 15 was improperly enacted [*2]because it was not enacted by a voter referendum. In declining to dismiss this claim, the court relied primarily on the Second Department's decision in Fossella v Adams (225 AD3d 98 [2d Dept 2024], affd — NY3d &mdash, 2025 NY Slip Op 01668 [2025]), which, in addressing the referendum requirement with respect to a different law (Local Law 11), gave broad meaning to Municipal Home Rule Law § 23(2)(e)'s provision stating that a "local law shall be subject to mandatory referendum if it" "changes the method of nominating, electing or removing an elective officer." In that case, the Second Department found that the meaning of "method of electing individuals to office" is not limited to the "manner in which voters express their votes" but refers to "the election process" or "'method' of conducting an election," which "encompasses a complex process including, among other things, the . . . verification of the eligibility of candidates and voters" (Fossella, 225 AD3d at 123-124). The Court of Appeals subsequently made clear that the meaning of a change to the "method" of voting narrowly refers to a change to a "procedure or process" of voting (Fossella v Adams, 2025 NY Slip Op 01668, *1 n 1, quoting Stefanik v Hochul, 43 NY3d 49, 71-72 [2024]). Thus, there is no basis for finding that the enactment of Local Law 15 required a voter referendum. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025