■ In the Matter of JEAN A. ADKINS et al., Respondents, v BOARD OF APPEALS et al., Appellants. [604 NYS2d 234] —In a proceeding pursuant to CPLR article 78, to review so much of the determinations of the Village of Babylon, dated November 14, 1988, and August 15, 1990, respectively, as, upon renewing the petitioners' special permit to operate an adult home, did so on condition, *inter alia,* that all residents of the adult home be removed from the third floor, the appeal is from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), dated July 8, 1991, which annulled the conditions imposed.

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court properly concluded that the regulation of adult-care facilities has been preempted by the State *(see,* Social Services Law § 460; 18 NYCRR ch II, subch D; *People v Town of Clarkstown,* 160 AD2d 17). Any local restriction prohibiting conduct which the State finds acceptable is therefore invalid *(see, Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91, 97; *New York State Club Assn. v City of New York,* 69 NY2d 211, 217, *affd* 487 US 1). Since the New York State Department of Social Services determined that the premises in question was being operated in compliance with applicable regulations, the appellants were without power to conclude otherwise, and the restrictions imposed by the appellants on the use of the premises were properly annulled. Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.