[909 NYS2d 864]

# The People of the State of New York, Appellant, v Marie Thorner, Respondent.

Supreme Court, Appellate Term, Second Department, September 24, 2010

APPEARANCES OF COUNSEL

*Dawn Thomas, Town Attorney*, Riverhead (*Harold A. Steuerwald* of counsel), for appellant.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that the order, insofar as appealed from, is affirmed.

Defendant was charged in a superseding accusatory instrument with violating Riverhead Town Code § 108-8 (A), in that defendant altered the use of a one-family dwelling by permitting two primary uses within the premises: a "childcare facility" on the first floor and a "rental dwelling unit" on the second floor.

The People appeal from so much of an order as granted defendant's motion to dismiss the accusatory instrument on the ground that there was a legal impediment to conviction (CPL 170.30 [1] [f]) since Social Services Law § 390 (12) preempted the Town of Riverhead from prosecuting defendant. The People contend that Social Services Law § 390 (12) did not preempt prosecution.

Social Services Law § 390 (12) proscribes local municipalities from enacting regulations or restrictions which impose special requirements on group family day-care homes and further provides that "no local government may prohibit use of a single family dwelling for . . . group family day care where a permit for such use has been issued" (*see* Social Services Law § 390 [12] [a], [former (b)]; *Quinones v Board of Mgrs. of Regalwalk Condominium I*, 242 AD2d 52, 55 [1998]).

The People assert that defendant's premises was not a one-family dwelling, since defendant did not reside in the building and there were tenants residing on the second floor. Consequently, the People argue, defendant was not operating a "group family day care home" on the first floor of the premises and, thus, she violated Riverhead Town Code § 108-8 (A).

For a facility to qualify as a group family day-care home, child care must be provided in a home that is used as a residence (18 NYCRR 413.2 [j]). Contrary to the People's contention, state regulations do not require the day-care provider to reside in the home; the home is considered a residence so long as someone uses it as such (*see* 18 NYCRR 413.2 [ai]). Therefore, the People's contention is without merit. Furthermore, at the time of the alleged violation, defendant held a state license to provide

group family day care at the premises, thus the People lacked the capacity to challenge the premises' classification as a group family day-care home (*see Matter of Adkins v Board of Appeals*, 199 AD2d 261 [1993] [holding that since the state had preempted the regulation of adult-care facilities and the Department of Social Services had determined that the premises in question complied with the applicable regulations, the town zoning board was without power to conclude otherwise]).

In the instant case, defendant's tenants were the only residents of the premises, and Riverhead Town Code § 108-8 (A) (1) expressly permits such single-family use. Therefore, the People's prosecution of defendant for maintaining two primary uses on the premises is precisely the conduct Social Services Law § 390 (12) proscribes, as defendant was charged merely because day-care services were also provided on the premises (*see generally Jancyn Mfg. Corp. v County of Suffolk*, 71 NY2d 91, 96-97 [1987]; *see also People v Town of Clarkstown*, 160 AD2d 17, 21 [1990] [finding that the state has preempted the regulation of family day-care homes]).

Accordingly, the order, insofar as appealed from, is affirmed.

TANENBAUM, J.P., MOLIA and LaCAVA, JJ., concur.